IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 2000 Session

## BRANDON MICHAEL CRUSE, ET AL. v. TAMMY PEAK

**Appeal from the Circuit Court for Davidson County**
**No. 99A-2    Muriel Robinson, Judge**

---

**No. M1999-02228-COA-R3-CV - Filed August 31, 2000**

---

This appeal arises from the trial court's refusal to grant the appellant's request for visitation with her granddaughter.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed and Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

Clark Lee Shaw, Nashville, Tennessee, for the appellant, Tammy Peak.

Stephanie C. Hatchett, Nashville, Tennessee, for the appellees, Brandon Michael Cruse and Amber Kay Cruse.

**OPINION**

In January of 1999, the appellees, Brandon and Amber Cruse, filed a petition to adopt Mrs. Cruse's natural daughter.  Before the petition was filed, the child's alleged natural father, Daniel Peak, had passed away.  The appellant, the child's paternal grandmother, then filed a petition for grandparent visitation.  The appellees responded with a motion to dismiss alleging that the appellant lacked standing to seek such visitation as there was no proof establishing that Mr. Peak was indeed the child's biological father.  Subsequent DNA testing ordered by the trial court established that Mr. Peak was the child's biological father.  The trial court, however, ultimately held that the current state of the law does not allow grandparents visitation rights when opposed by the natural parents.

The Tennessee Supreme Court has held that because of the natural parents' fundamental privacy interest a grandparent may not be awarded visitation in the absence of a finding that the failure to award such visitation would result in substantial harm to the child.  *Hawk v. Hawk*, 855

S.W.2d 573 (Tenn. 1993); *see also Simmons v. Simmons*, 900 S.W.2d 682 (Tenn. 1995). In 1997 the legislature passed a new grandparent visitation act but the Western Section of this Court held that the statute, codified at Tenn. Code Ann. § 36-6-306, was an unconstitutional invasion of a parent's privacy rights because it allowed grandparents visitation rights without first finding that the child would be substantially harmed if visitation was not granted. *Ellison v. Ellison*, 994 S.W.2d 623 (Tenn. Ct. App. 1998), *perm. app. denied* (June 14, 1999). The appellant has made no argument that would persuade this Court to deviate from the rule set out in *Ellison*.

The appellant has offered no proof that would support a finding of substantial harm to the minor child in the absence of visitation. Therefore, we have no choice but to affirm the trial court's denial of visitation. *See Ellison*, 994 S.W.2d at 625.

The judgment of the trial court is affirmed and the cause remanded to the Circuit Court for Davidson County for any further proceedings necessary. Tax the costs on appeal to the appellant, Tammy Peak.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.